JAMES RUSHIN, plaintiff in error, vs. JAMES R. GAUSE, defendant in error.

After the passage of the act of 1874 subjecting the homestead to purchase money, Rushin levied a *fi. fa.*, founded upon purchase money on the homestead of Gause, set apart in bankruptcy before the passage of that act; Gause set up by affidavit of illegality a former recovery, also had before the act, of the same land, between the same parties and against the same execution:

*Held*, that the former recovery is a complete bar to plaintiff's attempt to subject the land.

Bankrupt.   Homestead.   Former recovery.   Before Judge POTTLE.   Hancock Superior Court.   April Term, 1875.

At the October term, 1866, of Hancock superior court, Rushin recovered a judgment against Gause for $362 50 principal, besides interest and costs, purchase money for land. On September 1st, 1874, the execution based on this judgment was levied upon the land for which the debt was contracted. Gause filed an affidavit setting up the following grounds:

1st. That this execution had been previously levied on the same land, an affidavit of illegality filed thereto, and the property held by the superior court of Hancock county at the April term, 1870, not subject thereto, which judgment was affirmed by the supreme court.

2d. That defendant had been adjudged a bankrupt and said land set apart to him as his homestead òn June 15th, 1868, by virtue of the provisions of the bankrupt act of the United States, approved March 2d, 1867.

The evidence introduced upon the trial of the issue thus formed did not vary the case stated by the pleadings. Rushin simply claimed that the act of February 27th, 1874, subjecting the homestead to the payment of the purchase money, relieved him from the effect of the former judgment, and of the exemption by the bankrupt court.

The court charged the jury that the former recovery barred the plaintiff from subjecting this land; and that the act of

1874 was not retrospective. The jury found accordingly. The plaintiff excepted to said charge.

J. T. JORDAN, by brief, for plaintiff in error.

GEORGE F. PIERCE, Jr., by SEABORN REESE, for defendant.

JACKSON, Judge.

The plaintiff levied upon defendant's homestead, who interposed his affidavit of illegality, on the ground that the same case, between the same parties and concerning the same homestead, had been decided by the superior and supreme courts. Plaintiff replied that his judgment was for purchase money, and by the act of 1874 the homestead was subject. The court sustained the affidavit and dismissed the levy. We think the plea, or affidavit of former recovery, conclusive, notwithstanding the act of 1874. That act is not retrospective in terms, and if it was, the homestead having been assigned under the bankrupt law and before its passage, vested the title in defendant; and the judgment of the court, for the same land and between the same parties, settled it forever.

Judgment affirmed.